JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RAYMOND PATRICK CRUM,

                Petitioner,

       v.

B. VON BLANCKENSEE, Warden,

                Respondent.

Case No. CV 20-3664-DOC (JEM)

ORDER DISMISSING PETITION

      On April 21, 2020, Raymond Patrick Crum ("Petitioner"), a federal prisoner who is serving his sentence at the Federal Correctional Institution at Lompoc ("FCI-Lompoc"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), as well as an Emergency Motion for Expedited Injunctive and for Other Relief ("Emergency Motion"). Petitioner is serving a sentence that was imposed in the United States District Court for the Southern District of California in the matter of United States v. Crum, 3:18-CR-05317-AJB-11.[1]  (Petition at 3, 15[2]; Respondent's Motion to Dismiss ("MTD"), Ex. A at 1.)

---

[1]  A more complete description of Petitioner's conviction and sentence are set forth in Respondent's Motion to Dismiss.

[2]  The Court refers to the pages of the Petition as numbered by the CM/ECF system.

Petitioner seeks release from FCI-Lompoc and placement in home confinement "due to the dangers in prison posed by COVID-19." (Petition at 13.)  His request is made "[p]ursuant to the recent Attorney General William Barr Memorandum in regard to COVID-19, and in accordance with the First Step Act as amended by 18 USC [§] 3582(c)(A)(1)(i)." (Id. at 15.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  See also Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Additionally, a federal court is obligated to consider sua sponte whether it has jurisdiction over a Section 2241 petition.  See Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006); see also Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (court must assess its jurisdiction "before proceeding to any other issue").

Because it plainly appears from the face of the Petition that Petitioner is not entitled to relief in this district, the Petition must be dismissed.

## DISCUSSION

### I. Motions for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Although the Petition is labeled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, it is properly construed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (See Petition at 13, 15.)

A district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); see also Dillon v. United States, 560 U.S. 817, 824-25 (2010).  A narrow exception, compassionate release, allows the sentencing court to reduce a prison term "after considering the factors set forth in section 3553(a) to the extent that

they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Under prior law, only the Director of the BOP could seek compassionate release.  See, e.g., United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that the petitioner was not entitled to compassionate release absent a motion from the BOP Director); Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that a district court cannot review the BOP's refusal to file a motion for release).  The First Step Act of 2018, 132 Stat. 5194, amended Section 3582(c)(1)(A) to allow an inmate to file a motion for compassionate release in the sentencing court if the inmate "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

**II.    Motions for Compassionate Release Must Be Filed in the Sentencing Court**

A motion under Section 3582(c) to modify a prison term must be addressed to the sentencing court.  See United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under Section 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence" (quotation marks omitted)); see also United States v. Rala, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . ."); Rodriguez-Aguirre v. Hudgins, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence."); United States v. Brown, 817 F.3d 486, 488-89 (6th Cir. 2016) ("Because its purpose is to ask the sentencing court to reduce a sentence . . . , a § 3582(c) motion is part of the defendant's criminal proceeding." (alterations and internal quotation marks omitted) (collecting cases)); Bolden v. Ponce, 2:20-cv-3780-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court); Thody v. Swain, No. CV

19-09641-PA (DFM), 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court."); Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727, at *1 & n.1 (C.D. Cal. Jan. 10, 2019) (same).

Petitioner was convicted and sentenced in the Southern District of California (see MTD, Ex. A at 1), and any motion for compassionate release must be made there. Thus, the Court lacks jurisdiction over this matter and it must be summarily dismissed.

### III.     The Court Lacks Authority to Transfer Petitioner to Home Confinement

The Court also lacks the authority to provide Petitioner with the remedy he seeks, which is transfer to home confinement. (See Petition at 15.) He cites to the Attorney General's March 26, 2020 memorandum directing the BOP to expedite review of inmate requests for home confinement and the related provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). See BOP, COVID-19 Coronavirus (updated regularly), available at https://www.bop.gov/coronavirus/index.jsp. The CARES Act, which was enacted in response to the COVID-19 pandemic, significantly increased the BOP's authority to place prisoners in home confinement. See CARES Act, Pub. L. No., 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020) (suspending eligibility limitations imposed by 18 U.S.C. § 3624(c)(2)). In his April 3, 2020 memorandum authorizing the BOP to exercise its expanded CARES Act authority, the Attorney General emphasized that "time is of the essence," and he directed the BOP to focus on facilities that have significant numbers of COVID-19 cases within their inmate populations. Attorney General, Memorandum for Director of Bureau of Prisons Re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/126661/download. Thus, the BOP is "urgently reviewing all inmates" to determine their eligibility, increasing resources to "review and make appropriate decisions as soon as possible." Federal Bureau of Prisons, Home Confinement (Apr. 5, 2020) ("BOP, Home Confinement"), available at https://www.bop.gov/resources/news/

1 | 20200405 covid19 home confinement.jsp.  Inmates "do not need to apply to be
2 | considered[.]"  Id.

3 | However, this Court does not have jurisdiction to order a transfer to home
4 | confinement, under the CARES Act or otherwise.  Congress gave the Attorney General, and
5 | by designation the BOP, exclusive authority to determine custody placements including
6 | home confinement.  Reeb v. Thomas, 636 F.3d 1224, 1226-28 (9th Cir. 2011).  Section
7 | 12003(b)(2) of the CARES Act authorizes only the BOP to determine whether "to place a
8 | prisoner in home confinement under . . . [18 U.S.C. §] 3642(c)(2)."  Moreover, as a general
9 | matter, all placement determinations, including placement in home confinement, are
10 | ultimately made under 18 U.S.C. § 3621(b).  See 18 U.S.C. § 3624(c)(6)(A); see also
11 | Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010).  The First Step Act added the
12 | following language to 18 U.S.C. § 3621(b): "Notwithstanding any other provision of law, a
13 | designation of a placement of imprisonment under this subsection is not reviewable by any
14 | court."  Even prior to the passage of the First Step Act, it was well established that, "[w]hile
15 | a district court judge has wide discretion in determining the length and type of sentence, the
16 | court has no jurisdiction to select the place where the sentence will be served.  Authority to
17 | determine place of confinement resides in the executive branch of government and is
18 | delegated to the Bureau of Prisons."  United States v. Ceballos, 671 F.3d 852, 855 (9th Cir.
19 | 2011) (alterations, quotations, and citations omitted); see also Reeb, 636 F.3d at 1226-28
20 | (courts lack jurisdiction to review BOP's placement decisions under 18 U.S.C. §§ 3621-25).

21 | Accordingly, the decision whether to place Petitioner in home confinement is within
22 | the exclusive province of the BOP and is not subject to judicial review.  The Court lacks the
23 | authority to grant the relief requested.[3]

24 |
25 |
26 |
27 | [3] Respondent also argues that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies.  (MTD at 7-10.)  Because dismissal on this basis is normally without prejudice, and it has been determined that this action should be dismissed with prejudice on other grounds, the
28 | Court will not further address the exhaustion issue.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed with prejudice.

DATED: _____June 8, 2020_____

_____

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE